U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 23 2005

CLERK, U.S. DISTRICT COURT
By _____
　　　　Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-99-CR-0111-P(01) |
| | § | NO. 3-05-CV-1008-P |
| SHARANDA P. JONES | § | |
| | § | |
| Defendant. | § | |

## ORDER

Defendant Sharanda P. Jones, appearing *pro se*, has filed a motion to correct, vacate, or set aside her sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Defendant was convicted by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Punishment was assessed life imprisonment followed by supervised release for a period of five years. Her conviction and sentence were affirmed on direct appeal. *United States v. Jones*, No. 99-11299 (5th Cir. Mar. 14, 2001). Defendant also filed a motion to correct, vacate, or set aside her sentence under 28 U.S.C. § 2255. The motion was dismissed as barred by limitations. *United States v. Jones*, No. 3-02-CV-2431-P (N.D. Tex. Oct. 23, 2003). On January 23, 2004, defendant filed a second motion to vacate her sentence under 28 U.S.C. § 2255. The District Court dismissed the case without prejudice as successive. *United States v. Jones*, No. 3-04-CV-0130-P (N.D. Tex. Feb. 19, 2004), *COA denied*, No. 04-10276 (5th Cir. Aug. 17, 2004).

Defendant now seeks post-conviction relief for a third time. In her sole ground for relief, defendant contends that her sentence was enhanced by factors not alleged in the indictment or determined by a jury beyond a reasonable doubt as required by *Blakely v. Washington*, ___ U.S. ___,

124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Before addressing these claims, the court must determine whether defendant can file a successive section 2255 motion without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Defendant must obtain such an order before another motion for post-conviction relief is filed. Defendant's motion to correct, vacate, or set aside her sentence is dismissed without prejudice pending review by a three-judge panel of the court of appeals.

SO ORDERED this 23rd day of May.

*[signature]*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE