IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff | )<br>)<br>) |
| v. | )　　3:99-CR-111-P(01)<br>)　　(3:05-CV-1331-P) |
| SHARANDA P. JONES, #33177-077,<br>　　　　Defendant/Movant. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Before the court for consideration is Movant's motion to vacate, set aside, or correct sentence filed on June 27, 2005, pursuant to 28 U.S.C. § 2255. Movant is an inmate in the federal prison system. She is presently incarcerated at the FMC Carswell in Fort Worth, Texas. The government has not been ordered to respond, pending preliminary screening.

Procedural History: Movant was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Punishment was assessed at life imprisonment followed by a five-year term of supervised release. Her conviction and sentence were affirmed on direct appeal. United States v. Jones, No. 99-11299 (5th Cir. Mar. 14, 2001).

Plaintiff has filed three prior motions to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. The District Court summarily dismissed the first motion as barred by the one-year statute of limitations, United States v. Jones, No. 3:02-CV-2431-P (N.D. Tex. Oct. 23, 2003), and dismissed the second and third motions as second or successive, United States v. Jones, No. 3:04-CV-0130-P (N.D. Tex. Feb. 19, 2004), United States v. Jones, No. 3:05-CV-1008-P (N.D. Tex. May 23, 2005).

In this fourth § 2255 motion, Movant again challenges her sentence, as she did in her third § 2255 motion, on the basis of the Supreme Court's decisions in <u>United States v. Booker</u>, ___ U.S. ___, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005), and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).[1]

<u>Analysis</u>:  This motion to vacate sentence is subject to the screening provisions set out in 28 U.S.C. § 2255, ¶ 8, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996.  <u>See</u> <u>In re Tolliver</u>, 97 F.3d 89, 90 (5th Cir. 1996).  That section provides that a second or successive motion filed by a person attacking a sentence under § 2255 "must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals" before it can be heard in the district court.  <u>See</u> 28 U.S.C. § 2255, ¶ 8; 28 U.S.C. § 2244(b)(3)(A); <u>In re Elwood</u>, 408 F.3d 211, 212 (5th Cir. 2005).  In <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'"  <u>See also</u> <u>Crone v. Cockrell</u> 324 F.3d 833, 836 (5th Cir. 2003).

In general, "a later petition is successive when it:  1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  <u>Crone</u>, 324 F.3d at 836-37 (citing <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir.1998)); <u>see also</u> <u>United States v. Gibbs</u>, 82 Fed. Appx. 879, *880, 2003

---

[1] On July 25, 2005, the Court notified Movant that her § 2255 motion was not filed on the appropriate form, and granted her thirty days to cure the deficiency.  Although Movant has failed to comply with the above order, the Court proceeds to consider whether the current motion is also second or successive.

WL 22945656, *1 (5th Cir. 2003) (unpublished per curiam) (applying In re Cain in the context of a second or successive § 2255 motion); Barr v. United States, 2003 WL 1113252, *1 (5th Cir. 2003) (unpublished per curiam) (same).

In this case Movant does not dispute that she previously filed a § 2255 motion that was denied/dismissed on the merits.[2]  Relying on 28 U.S.C. § 2255 ¶ 6(3), she argues that the present motion is timely filed because it is based on a newly recognized statutory right.  (See § 2255 Mot. at 1).

Movant's claim is unpersuasive.  Paragraph 6(3) provides that the one-year statutory period for filing a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  While paragraph 6(3) is applicable to "'all motions' under § 2255, initial motions as well as second or successive ones," Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478, 2482-2483 (2005), it does not obviate the leave-to-file requirement for second or successive motions found in § 2255 ¶ 8.[3]

---

[2]  Although Movant's first § 2255 motion was dismissed as time barred, such a dismissal constituted an adjudications on the merits for purposes of the gate-keeping rules on second or successive petitions.  See Villanueva v. United States, 346 F.3d 55, 61(2nd Cir. 2003); Donaldson v. United States, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003); see also Quimby v. United States, No. 3:05cv0440-H (N.D. Tex. May 20, 2004), findings, conclusions and recommendation adopted June 3, 2004; Anders v. Cockrell, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

[3]  The Supreme Court in Dodd recognized that when a right is made retroactively applicable more than one year after the Supreme Court first recognizes the right, a potentially harsh result may occur.  125 S. Ct. at 2483.  The Supreme Court, however, is "not free to rewrite the statute that Congress has enacted."  Id.  It stated:  "The disposition required by the text, here, though strict, is not absurd.  It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file

3

Since Movant filed a previous motion under § 2255, which was denied, this court lacks jurisdiction to consider the present § 2255 motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit.  See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).  Therefore, this § 2255 motion should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  See In re Epps, 127 F.3d 364, 364 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996).[4]

---

second or successive motions." Id.

[4]     To obtain the requested authorization to file a successive § 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255; see In re Elwood, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam).
   In In re Elwood, The Fifth Circuit recently denied a motion for leave to file a successive § 2255 motion raising a Booker claims.  408 F.3d at 212-13.  It held that the United States Supreme Court did not make Booker retroactive to cases on collateral review for purposes of a successive motion under § 2255.  Id.

CONCLUSION:

For the foregoing reasons it is recommended that Movant's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 be dismissed without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

The clerk will mail a copy of this Memorandum Opinion and Order to Movant.

Signed this 21st day of September, 2005.

*Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE